IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00923 LEK-01 |
| Plaintiff, | ) | |
| vs. | ) | |
| SIMETA E. TAULUA, JR. (01), | ) | |
| Defendant. | ) | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

On May 17, 2012, Defendant Simeta E. Taulua, Jr. ("Taulua") was sentenced to 235 months of imprisonment and five years of supervised release for one count of conspiracy to distribute, and possess with intent to distribute, fifty grams or more of methamphetamine. [Minutes, filed 5/17/12 (dkt. no. 172); Judgment in a Criminal Case, filed 5/21/12 (dkt. no. 175).] On August 24, 2015, Taulua filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion").[1] [Dkt. no. 229.] The § 2255 Motion was denied on January 26, 2016 ("1/26/16 § 2255 Order"). [Dkt. no. 240.] On March 7, 2016, Taulua filed a motion for reconsideration of the 1/26/16 § 2255 Order. [Dkt. no. 244.] The motion for reconsideration was denied on May 9, 2016 ("5/9/16 Reconsideration Order"). [Dkt. no. 255.]

---

[1] Taulua has been proceeding pro se since the filing of the § 2255 Motion.

On November 21, 2017, Taulua filed a "Motion for Leave to File an Amended 2255 Pursuant to Fed. R. Civ. P. 15(c); in the Alternative for Relief from a Final Order(s) Pursuant to Fed. R. Civ. P. 60(b)" ("11/21/17 Motion"). [Dkt. no. 293.] On December 18, 2017, Taulua filed a "Motion for Relief from a Final Order Pursuant to Rule 60(b)(6) and Motion for Leave to File an Amended 2255 Pursuant to Rule 15(c)(1)" ("12/18/17 Motion"). [Dkt. no. 294.] On December 26, 2017, this Court issued an entering order ("12/26/17 EO") that: 1) construed the 11/21/17 Motion and the 12/18/17 Motion as motions for certification of a second or successive 28 U.S.C. § 2255 motion; and 2) transmitted the motions to the Ninth Circuit Court of Appeals. [Dkt. no. 295.] In so construing the 11/21/17 Motion and the 12/18/17 Motion (collectively "the Motions"), this Court implicitly concluded that the Motions did not allege: 1) any factual or legal basis supporting his request to amend his August 24, 2015 § 2255 Motion; or 2) any ground that, if proven, would warrant Rule 60(b) relief from the 1/26/16 § 2255 Order and the 5/9/16 Reconsideration Order. Instead, the Motions are attempts to challenge Taulua's underlying conviction and sentence. Thus, to the extent the Motions sought to amend Taulua's § 2255 Motion or to obtain relief from the 1/26/16 § 2255 Order and the 5/9/16 Reconsideration Order, the Motions were denied.

On January 16, 2018, Taulua failed a Notice of Appeal from the 12/26/17 EO. [Dkt. no. 295.] On January 30, 2018, the Ninth Circuit Court of Appeals issued an Order remanding the case to this district court to determine whether a certificate of appealability should be issued for the appeal. [Dkt. no. 299 at 2.]

## DISCUSSION

In determining whether Taulua is entitled to a certificate of appealability as to the 12/26/17 EO, this Court looks to the standard to issue a certificate of appealability from the denial of a 28 U.S.C. § 2255 motion.

> In dismissing a § 2255 motion, the court must also address whether [defendant/petitioner] should be granted a certificate of appealability ("COA"). See R. 11(a), Rules Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
>
> "The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by* Swarthout v. Cooke, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity, but something less than a merits determination." Id. (internal quotation marks omitted).

3

> The court carefully reviewed [the defendant/petitioner's] assertions and gave him every benefit by liberally construing them. Based on the above analysis the court finds that reasonable jurists could not find the court's rulings debatable.

Leon v. United States, Civ. No. 15-00099 JMS-BMK, 2015 WL 3965895, at *9-10 (some alterations in Leon).

This Court FINDS that reasonable jurists would not find that its rulings in the 12/26/17 EO are debatable. This Court therefore DENIES the issuance of a certificate of appealability as to the 12/26/17 EO.

This Court DIRECTS the Clerk's Office to transmit a copy of this Order to the Ninth Circuit.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 1, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. SIMETA E. TAULUA, JR; CR 10-00923(01) LEK; ORDER DENYING CERTIFICATE OF APPEALABILITY**